UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BSI 254 Westfield, LLC, et al. | : | |
|         Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-363WES |
| | : | |
| NICHOLAS FIORILLO, | : | |
|         Defendant. | : | |

**REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED**

Referred to me[1] is the timely emergency motion of Plaintiffs BSI 254 Westfield, LLC and BSI 254 Westfield Member, LLC (collectively "BSI Plaintiffs") (ECF No. 4) for remand of this case[2] that was removed from the Massachusetts Superior Court (Suffolk) by *pro se* Defendant Nicholas Fiorillo. The BSI Plaintiffs alternatively seek to strike the removal. For the reasons that follow, I agree and recommend that the Court order that this case be remanded forthwith. Because of the egregiousness of Mr. Fiorillo's conduct in this case and others, pursuant to the Court's inherent power,[3] I further order that Mr. Fiorillo must show cause in writing why his

---

[1] This motion was referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A), as is customary in this District for motions to remand. Our Circuit has yet to address whether such a motion is dispositive or nondispositive. However, those appellate courts that have addressed this question have held that a motion to remand should be considered dispositive. See, e.g., Flam v. Flam, 788 F.3d 1043, 1046-47 (9th Cir. 2015) ("Each of our sister circuits to consider the question has held that a motion to remand is a dispositive one, and therefore concluded that a remand order is beyond the power of a magistrate judge to issue."). The question is complicated for this removal because it implicates not just remand of a 28 U.S.C. § 1441 removal (which is not appealable and arguably nondispositive by statute, see § 1447(d)), but also § 1443 (which is subject to a right of appeal). To avoid a potential legal quagmire that might delay the remand, further prejudice the BSI Plaintiffs and exacerbate the interruption of the state court proceeding, Stefanik v. City of Holyoke, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), I am issuing a report and recommendation.

[2] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts. In that court, it is captioned as BSI 254 Westfield, LLC and BSI 254 Westfield Member, LLC v. Fiorillo and is designated variously as 2284-cv-00666 and 22-cv-0666. ECF No. 1-2 at 1-2, 9.

[3] Despite the egregiousness of Mr. Fiorillo's conduct as described *infra*, the BSI Plaintiffs have not asked for the assessment of 28 U.S.C. § 1447(c) costs and expenses. This is not surprising because Mr. Fiorillo has defied a court order to pay such costs and expenses in another case. See Delpidio v. Fiorillo, 23-cv-11808-NMG (D. Mass. Aug. 11, 2023) (ordering remand of BSI Plaintiffs' complaint, *inter alia*, based on Mr. Fiorillo's failure to pay § 1447(c)

conduct in removing this case and others to this Court should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing such conduct.

I.   **Background**

The underlying state court case was filed in the Massachusetts Superior Court (Suffolk) more than eighteen months ago, on March 28, 2022.  Mr. Fiorillo was served and appeared in April 2022.  ECF No. 1-2 at 69, 313-15.  On the face of the complaint, the case is based on Massachusetts state law (breach of a contract related to Massachusetts real estate) and is between two Massachusetts entities and an individual (Mr. Fiorillo) who is a citizen of Massachusetts.  Id. at 2-8.  There are no claims arising from the Constitution, laws or treaties of the United States.

This is Mr. Fiorillo's fourth attempt to remove this state court case to federal court.  The first three times, he removed this case to United States District Court for the District of Massachusetts.  Each time, a district judge of that court reviewed the case and issued an order of summary remand; these three remand orders required the investment of judicial resources by three different Massachusetts district judges.  For the first two of these, Mr. Fiorillo unsuccessfully appealed the remand order to the First Circuit Court of Appeals; in one instance, he unsuccessfully filed a mandamus petition regarding the remand order.  The prior judicial decisions in this case are as follows: BSI 254 Westfield LLC v. Fiorillo, 22-cv-11394-DJC, ECF No. 19 (D. Mass. Oct 17, 2022) (considering motion to remand and Mr. Fiorillo's opposition, by text order, Judge Casper orders "forthwith" remand because "removal was untimely" and "there is no appropriate basis to remove this case under 28 U.S.C. [§] 1443"), appeal dismissed, C.A. No. 22-1820 (1st Cir. Dec. 6, 2022) (appeal dismissed for lack of prosecution based on Mr.

---

costs and expenses assessed in another case).  To avoid exposing them to more fees and expenses, the BSI Plaintiffs are excused from participation in the show cause proceedings, which are to address the administrative and judicial burden on the Court caused by Mr. Fiorillo's conduct.

Fiorillo's failure to pay filing fee or apply to proceed IFP); BSI 254 Westfield, LLC v. Fiorillo, 22-cv-12168-RGS, ECF No. 5 (D. Mass. Jan. 14, 2023)[4] (by text order, Judge Stearns orders remand without waiting for opposition based on untimeliness of removal and failure "to provide any viable basis for federal subject-matter jurisdiction"; notes that second removal of same case "possibly an abuse of process"), appeal dismissed, C.A. No. 23-1085, ECF No. 6 (1st Cir. Mar. 6, 2023) (appeal dismissed for lack of jurisdiction), petition for writ of mandamus denied, C.A. No. 23-1191 (1st Cir. Mar. 13, 2023); BSI 254 Westfield, LLC v. Fiorillo, 23-cv-11808-NMG (D. Mass. Aug. 11, 2023) (by text order, Judge Gorton *sua sponte* orders immediate remand, *inter alia* due to Mr. Fiorillo's failure to comply with injunction order mandating payment of filing fee and § 1447(c) expenses/costs in another case before filing any new cases or removals; text order includes explicit finding that delay pursuant to Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021) is unnecessary); see generally Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1, 2-3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; entering injunction to "curb [Mr. Fiorillo's] vexatious or abusive litigation conduct"), affirmed, C.A. No. 23-1583 (1st Cir. July 18, 2023).[5]

Importantly, in BSI 254 Westfield LLC, 22-cv-12168-RGS (the second order remanding this case), Judge Stearns made the finding that Mr. Fiorillo's seriatim removals of this case were

---

[4] The docket for this case reflects removal of Massachusetts civil action "2**1**84-cv-00666." Based on this Court's examination of the removed case that was filed by Mr. Fiorillo, ECF No. 1-2 at 11, it is clear that this is a typographical error; the removed case is the same as the case in issue before this Court – 2**2**84-cv-00666.

[5] Mr. Fiorillo has also improperly filed seriatim notices of removal of a state court case in the federal court in Connecticut. Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, No. 3:22-cv-1331 (KAD), 2022 WL 17496224, at *2 (D. Conn. Dec. 8, 2022) (ordering remand based on lack of subject matter jurisdiction for § 1441 removal, lack of basis for § 1443 removal, and untimeliness of removal); Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, Civil No. 3:22-cv-1324 (AWT), 2022 WL 17413951, at *1-2 (D. Conn. Dec. 5, 2022) (ordering remand based on lack of subject matter jurisdiction and untimeliness of removal).

"prejudicial to plaintiffs and an intrusion upon state court jurisdiction." Id. ECF No. 5. This finding was not disturbed on appeal. I make the same finding, with the prejudice and intrusion now exacerbated by Mr. Fiorillo's appeal of Judge Stearns' order, followed by a mandamus petition, and two more attempted removals of this case. That is, I find that this removal has inflicted prejudice and amounts to a serious intrusion on state court jurisdiction, particularly where, as the BSI Plaintiffs point out, the state court issued a preliminary injunction, an order of payment, and an order of contempt with a rolling fine for noncompliance. To avoid further interference with these ongoing and urgent state court matters, the BSI Plaintiffs filed this motion as an emergency and have asked this Court to act swiftly.

Mr. Fiorillo ignored the three holdings of the District of Massachusetts that this case is not removable based on lack of subject matter jurisdiction for § 1441 removal, lack of basis for § 1443 removal and the untimeliness of removal, as well as that further efforts to remove it might be "abuse of process" and in violation of an injunction. On September 4, 2023, he filed in this Court a notice that invokes 28 U.S.C. §§1441, 1443, 1446 and "hereby removes to this Court the above-captioned State Court action," purportedly in response to "the recent and numerous violations of Federal statute, constituting gross violation of his Constitutional, civil rights." ECF No. 1 at 1. In his notice, Mr. Fiorillo failed to disclose that this case had already been thrice removed and thrice remanded. Further, Mr. Fiorillo's purported removal of a case pending in state court in Massachusetts to the District of Rhode Island was one of eight or more that Mr. Fiorillo has presented to the Clerk's office of the District of Rhode Island since August 29, 2023; so far, six of these have been opened by the Clerk's office.[6] In the first such filing, Delpidio v.

---

[6] These are:

    23-cv-00349-WES -- Delpidio v. Fiorillo

Fiorillo, 23-cv-349WES, the Court ordered Mr. Fiorillo to pay the filing fee or file an *in forma pauperis* motion to excuse non-payment. Text Order of Aug. 29, 2023. Mindful that payment of six or more filing fees would be a substantial investment, the Court included the following caution:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

Id. Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and continued removing cases to the District of Rhode Island from various Massachusetts state courts, including this one. Despite the Court's caution, on September 26, 2023, Mr. Fiorillo paid the filing fee.

The BSI Plaintiffs promptly and timely responded with their emergency motion to remand. ECF No. 4. The BSI Plaintiffs contend that Mr. Fiorillo's removal of this case is fatally defective because it was untimely; because it purports to remove the case to a United States district court (Rhode Island) in a district other than the one in which the state court action was pending (Massachusetts); and because, with neither diversity of citizenship pursuant to 28 U.S.C. § 1332, nor anything sufficient to invoke federal question subject matter jurisdiction pursuant to

---

      23-cv-00363-WES -- BSI 254 Westfield, LLC v. Fiorillo

      23-cv-00364-WES -- GF Funding Swansea, LLC v. Ocean Inv. Holdings, LLC

      23-cv-00365-WES -- Raymond C. Green, Inc. v. Delpidio

      23-cv-00366-WES -- Spitalny v. Fiorillo

      23-cv-00368-WES -- Northern Bank & Trust Company v. Fiorillo

In addition to these filings, which were accompanied by enough for the Court to open the case, Mr. Fiorillo also tried to file other matters; these materials were returned to him by order of the Court because Mr. Fiorillo had failed to provide enough for the Clerk's office to open a case. Most notably these lacked a copy of the operative state court pleading making it impossible to ascertain what was being removed.

28 U.S.C. § 1331, this is not a case over which this Court would have had "original jurisdiction." ECF No. 4; see 28 U.S.C. §§ 1441, 1443, 1446. Based on these defects, the BSI Plaintiffs ask the Court to summarily remand the matter to mitigate the disruption and prejudice caused by Mr. Fiorillo's improper removal.

**II.     Applicable Law and Analysis**

Whether a state action may be removed to federal court begins with examination whether there is federal jurisdiction. Rhode Island v. Smart Green Solar, LLC, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023); Deaton v. Johnson, C.A. No. 20-78WES, 2020 WL 4673834, at *5 (D.R.I. Aug. 12, 2020) (quoting Int'l Coll. of Surgeons v. City of Chi., Ill., 91 F.3d 981, 987 (7th Cir. 1996) (despite parties' failure to address issues with removal, whether court has subject matter jurisdiction cannot be waived), rev'd on other grounds, 522 U.S. 156 (1997)). The party seeking to remove a case to federal court must shoulder the burden of demonstrating the existence of federal jurisdiction. Cardillo v. Cardillo, 360 F. Supp. 2d 402, 414 (D.R.I. 2005). "The removal statute, moreover, should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Id. (internal quotation marks omitted). In addition to federal subject matter jurisdiction, to sustain a state court case in federal court based on removal pursuant to 28 U.S.C. § 1441 or § 1443, the party seeking to remove must establish and must meet the statutory prerequisites to removal in § 1441(a) and § 1443, as well as the procedural requirements in § 1446.

For § 1441 removal, the case must be a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). That is, the case is removable based on diversity of citizenship if the party alignment and amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332(a), as long as no defendant is a citizen of the state

in which the action was brought. 28 U.S.C. § 1441(b). Also removable are cases that include a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. 28 U.S.C. § 1441(c). Unless the case would have properly invoked federal subject matter jurisdiction based either on § 1331 or § 1332, it may not be removed to federal court pursuant to § 1441. Smart Green Solar, LLC, 2023 WL 6276571, at *1. Thus, the "original jurisdiction" requirement is essential for the federal court to have subject matter jurisdiction over the removed case. Simply mentioning a federal issue in a complaint is insufficient to create federal subject-matter jurisdiction. Id.

Section 1441 removal of this case fails because this Court lacks subject matter jurisdiction in that it is plain from the face of the underlying complaint that no federal court (that is, neither the District of Massachusetts nor the District of Rhode Island) would have had "original jurisdiction" over this case. Spitalny v. Fiorillo, 579 F. Supp. 3d 265, 268 (D. Mass. 2022) (federal courts have original jurisdiction over civil cases involving at least one claim arising under federal law, see 28 U.S.C, § 1331 (federal question jurisdiction), and civil cases involving an amount in controversy greater than $75,000 that pits citizens of different states against each another, see 28 U.S.C. § 1332(a), (a)(1) (diversity jurisdiction)), appeal dismissed, No. 23-1090, 2023 WL 4748187 (1st Cir. Mar. 6, 2023). "As a matter of common practice, a district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable federal claim." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997). "[T]he assertion of a federal claim by a defendant in its notice of removal cannot support the exercise of federal question jurisdiction." Raymond C. Green Tr. v. Fiorillo, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022) (quoting

Watson v. Toure, Civil No. 20-10349-PBS, 2020 WL 837360, at *2 (D. Mass. Feb. 20, 2020)). For this reason, to the extent that Mr. Fiorillo relies on § 1441(a), this Court lacks subject matter jurisdiction and remand is required pursuant to 28 U.S.C. § 1447(c). Raymond C. Green Tr., 2022 WL 16857197, at *1.

For § 1443 removal, the case must be a civil action or a criminal proceeding against a defendant who has been denied and cannot enforce his/her constitutional right of equal protection in the state court. See Raymond C. Green Tr., 2022 WL 16857197, at *2 (remanding state court eviction action removed by Mr. Fiorillo pursuant to § 1443). That statute provides:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Under the first subpart, "[t]he Supreme Court has construed this statutory language as being limited to 'any law providing for specific civil rights stated in terms of racial equality.'" Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see Imasuen v. Winn Prop. Mgt., Civil Action No. 13-13204-DPW, 2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013) (removed summary process case subject to remand where first subpart did not apply). That is, the removing defendant must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality," as well as that he has been "denied or cannot enforce" the specific civil

rights in state court. Parris v. Parris, No. 4:17-CV-504, 2017 WL 5184567, at *3 (E.D. Tex. Nov. 9, 2017) (internal quotation marks and citation omitted). As to the second subpart, "[r]emoval pursuant to § 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties." Nickerson-Malpher v. Wells Fargo Bank, N.A., C.A. 10-1033-JLT, 2010 WL 3069950, at *3 (D. Mass. Aug. 3, 2010) (quoting City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 815 (1966)). Section 1443 has been interpreted narrowly by the Supreme Court, which holds that it applies only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, Miss., 384 U.S. at 828. Nothing in the underlying complaint nor that appears in Mr. Fiorillo's notice of removal establishes racial equality allegations or that the case implicates Mr. Fiorillo's role as a federal officer or a person assisting such officers. Therefore, removal is not available under § 1443, as the District of Massachusetts has already held; the case must be remanded.

Whether brought under § 1441 or § 1443, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending. That is, removal of this Massachusetts state court case to the United States District Court for the District of Rhode Island is defective. See Texas. Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-cv-01563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023). If the case is otherwise properly removable, the court may transfer venue to the proper district or remand the case back to state court. Keeth v. State Farm Fire & Cas. Co., No. 10-13219, 2011WL 479903, at *1 (E.D. Mich. Feb. 7, 2011). However, where, as here, "original jurisdiction" is also lacking, the federal court that lacks venue must remand the case back to the proper state court for further

proceedings. Texas Mut. Ins. Co., 2023 WL 4634643, at *7. Mr. Fiorillo ignored this Court's caution and intentionally removed this case to a court that lacks venue; because this Court also lacks subject matter jurisdiction, I recommend that the matter be summarily remanded based on the improper venue.

The final defect is Mr. Fiorillo's non-compliance with the timeliness requirement in § 1446(b)(1). This mandatory statutory provision applies to removals under both § 1441 and § 1443 and requires that the removal notice must be filed within thirty days after receipt by the defendant of a copy of the pleading setting forth the claim for relief on which the removal is based; an untimely removal is subject to remand. Aroostook Cnty. Fed. Sav. & Loan v. Marrett, No. 1:23-cv-00006-JAW, 2023 WL 2868144, at *3 (D. Me. Apr. 10, 2023) (failure to file removal with thirty-day period in § 1446(b)(1) means litigant has "lost the option of federal court") (internal quotation marks omitted); Wells Fargo Bank, N.A. for Holders of First Franklin Loan Tr. v. Cabacoff, Civil No. 17-cv-39-JL, 2017 WL 4217329, at *1 (D.N.H. May 26, 2017) ("30-day time limit is construed strictly; "[b]ecause the defendants' removal is untimely, the court GRANTS the plaintiff's motion to remand"). As the District of Massachusetts has already held, and I find as well, Mr. Fiorillo's removal of this case was well over a year late. For this additional reason, the Court should order that this case be summarily remanded.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. BP P.L.C. v. Baltimore, 141 S. Ct. 1532, 1542-43 (2021) (pursuant to § 1446(d), remand of case removed pursuant to § 1443 is appealable; remedy for frivolous assertion that § 1443 applies is sanctions). Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek

reconsideration, and/or to appeal the order and request a stay from the court of appeals." Forty Six Hundred LLC, 15 F.4th at 81.  With this case having already been remanded three times, with two unsuccessful appeals to the Court of Appeals and the finding of prejudicial delay and interference with the state court proceedings, as Judge Gorton held in his text order of August 11, 2023, "[n]o [such] delay is necessary," I do not recommend that the Court follow this procedure.  Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay and interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further.  I recommend that the Court order that this case be remanded forthwith to the Massachusetts Superior Court (Suffolk) for further proceedings.

### III.    Show Cause Regarding Sanctions and Injunction

The district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection."  Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted); F.A.C., Inc. v. Cooperativa De Seguros De Vida De P.R., 563 F.3d 1, 6 (1st Cir. 2009).  A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior."  Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023).  Courts can sanction *pro se* litigants.  Siri v. Town of Hingham, Civil Action No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282,

at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL 1133220, at *1 n.2 (S.D. Ohio Apr. 27, 2006) (*pro se* has "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'"). Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest. Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks and citation omitted), appeal dismissed, 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018). The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before monetary sanctions are imposed. United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013).

      In seeking to remove this case and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct. First, in this case, he has defied the orders of three federal judges, two of which were reviewed (one of these twice) by the First Circuit Court of Appeals. Mr. Fiorillo's seeming intentional evasion of those orders by filing in this District is also in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts. Further, Mr. Fiorillo has burdened this Court with five other purported removals, all of which appear to be without subject matter jurisdiction, four of which appear to be in defiance of remand orders issued in the District of Massachusetts. Further, eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a judicial officer

and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court. Finally, some or all of Mr. Fiorillo's filings in this Court may be in defiance of the injunction entered in Raymond C. Green, Inc., 2023 WL 4347330, at *3.

      Mindful of Mr. Fiorillo's right to notice and an opportunity to be heard before imposing inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing this case to this Court and the other conduct described above should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing the conduct described above in this and other cases. Further, because it is focused on Mr. Fiorillo's conduct and its impact on this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate text order that is issuing today. Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue with the BSI Plaintiffs excused but not barred from participating at their option.

### IV.  Conclusion

      Based on the foregoing, I recommend that the BSI Plaintiffs' emergency motion to remand (ECF No.4) be summarily granted and that this case be remanded forthwith to the Massachusetts's Superior Court (Suffolk) for further proceedings. Pursuant to 28 U.S.C. § 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and

the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the Text Order and Hearing Notice that are issuing today in this case, I further order that Mr. Fiorillo must show cause in a writing that must be filed on or before November 3, 2023, why his conduct in removing this case to this Court and as further described in this decision should not be sanctioned pursuant to the Court's inherent power and why he should not be enjoined from continuing such conduct.  On November 10, 2023, at 10 a.m., the Court will conduct a hearing to consider these issues at which Mr. Fiorillo is ordered to appear.  The BSI Plaintiffs are excused, but not barred, from participating in the show cause proceedings.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 6, 2023