UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BSI 254 WESTFIELD, LLC, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-363WES |
| | : | |
| NICHOLAS FIORILLO, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion of *pro se* Defendant Nicholas Fiorillo to consolidate this case[1] that he purportedly removed from the Massachusetts Superior Court (Suffolk) with seven others that he either filed as federal court civil actions in this Court or that he removed to this Court from an array of state courts in Massachusetts. ECF No. 6.[2] Claiming that consolidation will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases. Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be at least partly untrue. For example, the Plaintiffs in this case – BSI 254 Westfield, LLC and BSI 254 Westfield Member, LLC (collectively "BSI Plaintiffs") – are not named as parties in any of the cases listed in the motion, except potentially in 23-cv-121WES and 23-cv-398WES. Nor does this simple breach of contract case appear to implicate the issues of law and fact (e.g., racketeering, unlawful wiretapping, and breach of FDIC banking regulations in 23-cv-

---

[1] This case has been pending in the Suffolk County Superior Court of the Commonwealth of Massachusetts. In that court, it is captioned as <u>BSI 254 Westfield, LLC and BSI 254 Westfield Member, LLC v. Fiorillo</u> and is designated variously as 2284-cv-00666 and 22-cv-0666. ECF No. 1-2 at 1-2, 9.

[2] The caption of the motion also asks the Court to stay something, although this relief is not mentioned in the body of the motion and it is not clear what Mr. Fiorillo wants the Court to stay. The Court has disregarded this aspect of the motion; to the extent that Mr. Fiorillo intended to ask the Court to stay something, the motion is denied.

121WES and the bankruptcy issues and property usurpation allegations in 23-cv-398WES) that appear to form the basis for those two cases. Nor does Mr. Fiorillo's representation in the motion that this case and all of the other cases are "very similar, if not identical," ECF No. 6 at 4, appear to be accurate; by way of just one example in 23-cv-121WES, Mr. Fiorillo has named (but not yet served as far as the docket reveals) over eighty persons and entities, including by way of example Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City – as far as the pleadings reveal, none of these are implicated in any way in the facts presented in this case. For these two cases where there are overlapping parties (in that at least one of the BSI Plaintiffs is listed among the eighty defendants in 23-cv-121WES and the eleven defendants listed in 23-cv-398WES), it is conceivable that subsequent proceedings will reveal commonality such that consolidation might yield efficiency. However, it is premature to make that determination at this phase of those two cases where none of the defendants have yet been served and appeared, as well as that, in 23-cv-398WES, the filing fee has not yet been paid. More importantly, on October 6, 2023, I issued a report and recommendation recommending that this case be remanded to state court. Therefore, consolidation is not appropriate at this time.

Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 6) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 10, 2023